**Jusak Agus WIDJAJA, Petitioner,**

v.

**Peter D. KEISLER,**[1] **Respondent.**

No. 06–3980–ag.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

---

Yan Wang, Esq., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Leslie McKay, Senior Litigation Counsel, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jusak Agus Widjaja, a native and citizen of Indonesia, seeks review of an August 7, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Jusak Agus Widjaja*, No. A 79 310 860 (B.I.A. Aug. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's deci-sion for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from es-tablished policies, is devoid of any reason-ing, or contains only summary or concluso-ry statements; that is to say, where the Board has acted in an arbitrary or capri-cious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying Widjaja's motion to reopen based on the numerical limitation on such motions. Widjaja was only al-lowed one motion to reopen or reconsider and he had already filed a prior motion to reopen in July 2004. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).

A motion to reopen may be exempted from the applicable time and numerical limitations where the alien can establish "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). However, the materials Widjaja submitted in support of his motion did not establish that the circumstances of Christians in Indonesia have materially worsened since Widjaja's hearing before an IJ in January 2003.

■ Finally, Widjaja's argument that the BIA violated his right to due process by failing to give sufficient consideration to the background materials he submitted is meritless. Due process requires that an asylum applicant have "a full and fair op-portunity to present [his] claims." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006) (internal quotation and citation omitted). Widjaja had ample op-portunity to present his claims, having tes-

tified at an individual merits hearing before an IJ and filed an appeal and two motions to reopen with the BIA. While it is an abuse of discretion for the BIA to fail to consider material evidence presented in support of a motion to reopen based on changed country conditions, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotation and citation omitted). Here, the BIA explicitly found that much of the evidence supporting the motion to reopen pre-dated Widjaja's hearing before the IJ and that the remainder of the material "failed to satisfy the heavy evidentiary burden relevant to [Widjaja's] renewed claims." These statements suffice to establish that the BIA gave adequate consideration to the evidence Widjaja submitted in support of his motion to reopen and thus afforded him a full and fair opportunity to present his claims. *See Li Hua Lin,* 453 F.3d at 104.

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay of removal is DISMISSED as moot.